# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ROBERTO CUELLAR,**

**Plaintiff,**

**-vs-**                                             **Case No.  6:05-cv-1567-Orl-28KRS**

**TOTAL PROTECTIVE SERVICES, INC.,**
**JOSEPH TOLERICO, ROBERTO FUSON,**

**Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on Plaintiff's Motion for Entry of Default Judgment. Doc. No. 18.  The defendants have not appeared in this case. This matter was referred to me for issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b).

## I.   PROCEDURAL HISTORY.

On October 17, 2005, Roberto Cuellar filed a complaint against Total Protective Services, Inc., Joseph Tolerico and Roberto Fuson, alleging violations of the minimum wage and overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*  Doc. No. 1.   Cuellar alleges that the defendants failed to pay him minimum wages and overtime compensation while he was employed by Total Protective Services. He seeks statutory damages, liquidated damages, attorneys' fees and costs. He also alleges breach of an employment agreement, and seeks contractual damages.

The complaint was served on each of the defendants. Doc. Nos. 6-8.  None of the defendants responded to the complaint.  Consequently, at Cuellar's request, the Clerk of Court entered defaults against all of the defendants.  Doc. Nos. 10-12.  On March 3, 2006, Cuellar filed a motion for entry of default judgment as to all of the defendants.  Doc. No. 18.

## II.   STANDARD OF REVIEW.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment.  *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").  Therefore, in considering a motion for default judgment, a court must examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to a default judgment.  *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999).  If a default judgment is warranted, the court may hold a hearing for purposes of assessing damages.  *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citing Federal Rule of Civil Procedure 55(b)(2)).  However, a

hearing is not necessary if sufficient evidence is submitted to support the request for damages. *Id.*

The plaintiff has the burden of proving the amount of damages to be awarded.  In FLSA cases, when the employer has violated its duty to keep adequate records, the employee satisfies this burden by producing "sufficient evidence to prove that he 'performed work for which he was improperly compensated' and 'sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *McLaughlin v. Stineco, Inc.*, 697 F. Supp. 436, 450 (M.D. Fla. 1988) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)).  If the employer does not come forward with evidence of the precise amount of work performed or other evidence to negate the plaintiff's *prima facie* case, the "court may award approximate damages based on the employee's evidence."  *Id.*; *see also Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999) ("[W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.").

III.     **ALLEGATIONS OF THE COMPLAINT AND PROOF OF DAMAGES.**

A.     *Allegations of the Complaint.*

Cuellar and Total Protective Services entered into an employment agreement in January 2005.  Complaint ¶16.  Pursuant to the terms of the agreement, Total Protective Services agreed to compensate Cuellar at a rate of $13.00 per hour from January 21 to

May 15, 2005, and $1,000.00 per week for work performed between May 16 and July 19, 2005.  *Id.* ¶ 17. Total Protective Services failed to pay Cuellar at all for work performed on July 15, 18, and 19, 2005.  *Id.* ¶ 19.  Total Protective Services also failed to pay Cuellar $1,000.00 in vacation pay due for the week of July 1 through July 7, 2005.  *Id.* ¶ 21.

Cuellar was engaged in commerce as defined by the FLSA. *Id.* ¶¶ 4-7.  Tolerico and Fuson owned or were officers of Total Protective Services at all times relevant to Cuellar's claims and were "substantially in control of the terms and conditions of [his] work . . . ." *Id.* ¶¶ 8-9.  The defendants willfully failed to compensate Cuellar at the statutory minimum wage set forth in the FLSA for work performed on July 15, 18, and 19, 2005.  *Id.* ¶¶ 14, 16. The defendants willfully failed to compensate Cuellar at the statutory overtime rate for certain hours worked in excess of forty hours per week.  *Id.* ¶ 12.

B.      *Proof of Damages.*

Cuellar's affidavit, submitted in support of the motion for default judgment, reiterates the allegations of the complaint with regard to his rate of pay under the employment agreement.  Doc. No. 18, Ex. A. (Cuellar Aff.) ¶ 2.  Cuellar avers that he was not paid at all for work performed on July 15, 18, and 19, 2005. Id. ¶ 7.  He avers that he is entitled to $1,400.00 for work performed on those days, but he does not indicate how many hours he worked on these days.  *Id.* ¶ 8.

Cuellar avers that he "averaged 70 hours . . . per week from January 21, 2005, to May 15, 2005." *Id.* ¶ 5. This leads to an approximate number of 480 hours of overtime work.  He avers that he was paid his regular hourly rate for all hours worked, but not time

and a half.  Based on his contractual hourly rate of $13.00, he calculates that he is entitled to $3,120.00 in unpaid overtime compensation.  *Id*. ¶ 6.

Cuellar also avers that he took a pre-approved vacation between July 4 and 10, 2005, for which he was not paid vacation pay of $1,000.00.  Id. ¶¶ 9-10.

## IV.    ANALYSIS.

A.    *Liability*.

1.      FLSA Minimum Wage Claim.

To establish a claim for payment of minimum wages under the FLSA, Cuellar must establish the following:

First, that he was employed by Total Protective Services during the time period involved;

Second, that he was engaged in commerce or production of goods for commerce; and

Third, that the defendants failed to pay the minimum wage required by law.

Eleventh Circuit Pattern Jury Instructions–Civil 1.7.1 (2005).

By failing to answer the complaint, Total Protective Services admits that it employed Cuellar during the time period involved in this case.  It admits that Cuellar was engaged in commerce.  It admits that it failed to pay Cuellar a minimum wage as required by the FLSA.  This is sufficient to establish that Total Protective Services is liable to pay Cuellar minimum wages for his work.

2.     FLSA Overtime Compensation Claim.

To prevail on a claim for payment of overtime under the FLSA, Cuellar must

establish the following:

First, that he was employed by Total Protective Services during the time

period involved;

Second, that he was engaged in commerce or production of goods for

commerce or employed by an enterprise engaged in commerce or in the

production of goods for commerce; and

Third, that Total Protective Services failed to pay the overtime required by law.

*See* Eleventh Circuit Pattern Jury Instructions–Civil 1.7.1 (2005).

By failing to answer the complaint, Total Protective Services admits that it

employed Cuellar during the relevant time period.  It admits that Cuellar was engaged in

commerce.  It admits that it failed to pay overtime as required by the FLSA.  This is

sufficient to establish that Total Protective Services is liable to pay Cuellar overtime

wages for his work.

3.     Individual Liability.

With respect to Tolerico and Fuson, "'[t]he overwhelming weight of authority is that

a corporate officer with operational control of a corporation's covered enterprise is an

employer along with the corporation, jointly and severally liable under the FLSA for

unpaid wages.'" *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (quoting *Donovan*

*v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)).  "To be personally liable, an officer must

-6-

either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee."  Id. at 638.

By failing to answer the complaint, Tolerico and Fuson admit that they were owners or officers of Total Protective Services, and that they was substantially in control of the terms and conditions of Cuellar's work.  This is sufficient to establish that Tolerico and Fuson are also liable to pay Cuellar unpaid minimum and overtime wages owed for his work.

4.    State Law Contract Claim.

"'Under Florida law, the elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages.'" *Bland v. Freightliner LLC*, 206 F. Supp. 2d 1202, 1210 (M.D. Fla. 2002) (quoting *Abruzzo v. Haller*, 603 So. 2d 1338, 1340 (Fla. 1st Dist. Ct. App. 1992)).

Here, Cuellar alleged that he and Total Protective Services entered into an employment contract in January 2005, that a term of the contract was to pay Cuellar for all work performed, and that Total Protective Services did not pay him for all work performed.  Complaint ¶¶ 16, 18, 22.  He avers that Total Protective Services also agreed to pay him for a vacation he took from July 4, 2005, through July 10, 2005, but it did not do so.  Cuellar Aff. ¶¶ 9, 10.  As such, Cuellar has established the elements of a breach of contract action.

However, Cuellar alleges that his employment contract was only with Total Protective Services. *Id.* ¶ 16.  Because he has not alleged a contract between himself

and  Tolerico and Fuson, any liability for breach of contract by Total Protective Services is not joint and several.

B. *Damages*.

1.     Damages Under the FLSA.

                        *a.     Minimum Wages.*

Under the FLSA, Cuellar is entitled to be compensated for the difference between the wages he received and $5.15 per hour for work he performed.  29 U.S.C. § 206(a)(1).  Cuellar avers that on July 15, 18, and 19, he received no compensation.  Cuellar Aff. ¶ 7.

Cuellar provided no information about the number of hours he worked on July 15, 18 and 19, 2006.  Therefore, the evidence is insufficient to calculate the amount of minimum wages due, if any.  Furthermore, because Cuellar was paid on a salary basis during this time, it is irrelevant if he was not paid for particular days worked, so long as he received his salary for the weeks in which July 15, 18 and 19, 2006, fell.  He has not presented evidence that his weekly salary was not paid during these weeks.  Accordingly, Cuellar has not established that he is entitled to damages for failure to pay him the minimum wage.

*b.     Overtime Compensation.*

Under the FLSA, Cuellar is entitled to be paid 1 1/2 times his regular rate of pay for all hours worked in excess of 40 hours per week.  *See* 29 U.S.C. § 207(a)(1).  Cuellar avers that he was compensated at a rate of $13.00 per hour for work performed between January 21 and May 15, 2005.  Cuellar Aff. ¶¶ 5-6.  He avers that he "averaged 70 hours

. . . per week from January 21, 2005, to May 15, 2005." *Id.* ¶ 5.  He also avers that while he was paid this contractual rate for all hours worked, he did not receive 1 1/2 times his regular rate of pay for any hours worked in excess of 40 hours per week.  *Id.*

Cuellar is owed $19.50[1] per hour for 480 hours of overtime worked.  Because Cuellar was paid his regular hourly rate for these hours, he is entitled to $6.50 per hour worked as overtime compensation.  Thus, Cuellar is owed $3,120.00 in unpaid overtime compensation under the FLSA.[2]

c.    *Liquidated Damages.*

By failing to answer the complaint, Total Protective Services, Tolerico and Fuson admit that they acted willfully in failing to pay Cuellar the required overtime compensation.  When, as here, the defendants have not presented a defense that the failure to pay overtime compensation was in good faith, *see* 29 U.S.C. § 260, the Court must also require the employer to pay liquidated damages in an additional amount equal to "the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be . . . ."  29 U.S.C. § 216(b).  Accordingly, Total Protective Services, Tolerico and Fuson are liable, jointly and severally, to pay Cuellar the amount of unpaid overtime compensation owed to him, $3,120.00, as liquidated damages.  _____

---

[1]  The overtime hourly rate is calculated as follows: regular hourly rate ($13.00) + one-half regular hourly rate ($13.00/2 = $6.50) = $19.50.

[2]  Calculated as follows: hours of overtime per week (30) x weeks worked (16) x unpaid overtime hourly rate ($6.50) = $ 3,120.00

                     2.     Damages For Breach of Contract.

                          a.     *Contractual Right to Pay for July 15, 18, and 19, 2005.*

       As discussed above, Cuellar has not averred that he was not paid the $1000

weekly salary for work performed the week ending July 15, 2006, and the week

beginning July 18, 2006.  Therefore, the evidence is insufficient to establish that he is

entitled for damages for breach of contract for work performed during these weeks.

                          b.     *Vacation Pay.*

       Cuellar averred that Total Protective Services agreed to pay him his weekly salary

of $1,000 for the week of vacation he took from July 4 through July 10, 2005, but it did

not do so.  Accordingly, Cuellar has established that he is entitled to damages from Total

Protective Services in the amount of $1,000 for breach of the agreement to pay him

vacation pay.

       C.     *Attorneys' Fees and Costs.*

       The FLSA mandates that in any action brought by an employee to enforce its

minimum wage or overtime provisions, the Court "shall, in addition to any judgment

awarded to the plaintiff or plaintiffs, allow a reasonable attorneys' fee to be paid by the

defendant, and costs of the action."  29 U.S.C. § 216(b).  In *Hensley v. Eckerhart*, 461

U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for

determining the amount of a reasonable fee is the number of hours reasonably

expended on the litigation multiplied by a reasonable hourly rate."  This amount, which is

commonly referred to as the lodestar, is then adjusted to reflect the "results obtained."

Id. 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

For those causes of action brought under Florida state law, Chapter 448.08, Florida Statutes, provides for the award of attorney's fees.  This statute provides that "[t]he court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fees."  *Id.*  Vacation pay has been defined as wages for purposes of Chapter 448.08.  *See Strasser v. City of Jacksonville*, 655 So. 2d 234, 236 (Fla. 1st Dist. Ct. App. 1995).

Cuellar seeks an award of $1,944.50 for the services provided by his attorneys, Charles L. Scalise and K.E. Pantas, and paralegal, Judy Cane, in connection with this case.  The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303).  Thus, the applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and supports the number of hours worked and the rate sought.  *Hensley*, 461 U.S. at 433. "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303.  Moreover, fee applicants must provide "fairly definite information" concerning activities performed by each attorney.  *See Mallory v. Harkness*, 923 F. Supp. 1546, 1556 (S.D. Fla. 1996) (quoting *FMC Corp. v. Varonos*, 892 F.2d 1308, 1317 (7th Cir. 1990)).

It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorneys' fees.  *See*

*Scelta v. Delicatessen Support Services, Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

        1.    <u>Hourly Rate.</u>

Pantas has been licensed in Florida since 1993.  He has practiced extensively in the area of employment law since 2000 and has over eleven years of litigation experience.  Doc. No. 18, Ex. B (Affidavit of Charles Scalise) ¶ 5.  He seeks an hourly rate of $250.00.  I find that his hourly rate is reasonable, in the absence of objection, in light of his experience and the work he performed in this matter.

Scalise has been licensed in Florida since 1988.  *Id*. ¶ 4.  He specializes in employment law.  *Id*.  He seeks an hourly rate of $250.00.  I find that his hourly rate is reasonable, in the absence of objection, in light of his experience and the work he performed in this matter.

Cane has been a paralegal since 1999.  *Id*. ¶ 6.  She has extensive experience in both state and federal court litigation, including drafting complaints, discovery, motions, and affidavits.  *Id*.  She seeks an hourly rate of $95.00 and alleges that state courts have previously awarded this amount.  *Id.*  I find that her hourly rate is reasonable, in the absence of objection, in light of her experience and the work she performed in this matter.

        2.    <u>Reasonable Number of Hours.</u>

Cuellar submitted a detailed time statement indicating the work performed in this case by Scalise, Pantas, and Cane.  In the absence of objection, these hours are reasonable.

The lodestar attorneys' fees in this case are as follows:

| Attorney | Hourly Rate | Hours | Total |
|---|---|---|---|
| K.E. Pantas | $250.00 | 1.0 | $250.00 |
| Charles L. Scalise | $250.00 | 4.7 | $1,175.00 |
| Judy Cane | $95.00 | 2.7 | $256.50 |
| Total Award: | | 8.4 | $1,681.50 |

3.    Costs.

Cuellar seeks an award of costs in the amount of $340.00 for reimbursement for the filing fee ($250.00) and for the costs of serving process ($90.00).  Scalise Aff. ¶ 7.  I find, in the absence of objection, that Cuellar is entitled to an award of costs from Total Protective Services, Tolerico and Fuson, jointly and severally, in the amount requested.

**V.    RECOMMENDATION.**

Based on the foregoing, I respectfully recommend that Plaintiff's Motion for Entry of Default Judgment as to all defendants (Doc. No. 13) be **GRANTED in part and DENIED in part** as follows:  I recommend that the Court enter a default judgment against Total Protective Services, Tolerico and Fuson on Cuellar's claims for violation of the overtime provisions of the FLSA, and against Total Protective Services on Cuellar's claim for breach of an employment contract.  I recommend that the Court order Total Protective Services, Tolerico and Fuson to pay Cuellar damages in the amount of $6,240.00 ($3,120.00 in statutory damages and $3,120.00 in liquidated damages); attorney's fees in the amount of $1,681.50; and costs in the amount of $340.00.  I

recommend that the Court order Total Protective Services to pay Cuellar contractual damages in the amount of $1,000.00.

I further recommend that the Court direct the Clerk of Court to issue a judgment consistent with its ruling on this Report and Recommendation and, thereafter, to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 8, 2006.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
District Courtroom Deputy